IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER TOWLES, # 169297, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv235-WKW |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by state inmate Alexander Towles ("Towles") on April 1, 2014.[1]  Doc.

No. 1.  Towles presents claims challenging the constitutionality of his 2011 conviction in the

Lee County Circuit Court on the charge of violating the Sex Offender Registration

Community Notification Act, § 15-20-23, Ala. Code 1975.  The respondents (Doc. No. 6)

argue Towles's petition is time-barred by the one-year federal limitation period.  *See* 28

U.S.C. § 2244(d).[2]  Upon review of the pleadings, evidentiary materials, and applicable law,

the court concludes no evidentiary hearing is required and that Towles's petition should be

---

[1] Towles's petition was received by this court on April 2, 2014.  Although Towles signed his petition, he included no date with his signature.  Towles did copy a mailing sticker that appears to have been attached to the outside of the envelope in which he mailed his petition; that mailing sticker is dated April 1, 2014.  *See* Doc. No. 1 at 15.

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

denied as untimely.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*State Court Proceedings*

Exhibits submitted by the respondents reflect that on June 30, 2011, Towles was convicted under a guilty plea in the Lee County Circuit Court on the charge of violating the

2

Sex Offender Registration Community Notification Act, § 15-20-23, Ala. Code 1975.  Ex. A at 2.  On that same date, the trial court sentenced Towles as a habitual felony offender to 15 years in prison.  *Id*.  Towles took no direct appeal.

On March 20, 2012, Towles filed a Rule 32, Ala.R.Crim.P, petition in the trial court challenging his conviction and sentence.  Ex. B at 1.  The trial court denied Towles's Rule 32 petition on September 13, 2012.  *See* Ex. A at 5.  Towles appealed that decision, and on February 8, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  Ex. B.  Towles filed a petition for writ of certiorari with the Alabama Supreme Court, and on May 10, 2013, the Alabama Supreme Court  denied the petition and issued a certificate of judgment regarding Towles's Rule 32 appeal.  Ex. C.

### Application of Federal Limitation Period

Because Towles took no direct appeal from his conviction and sentence, his conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on August 11, 2011 – i.e., 42 days after his June 30, 2011 sentencing – when his time lapsed to file timely notice of appeal.  *See* Ala.R.App.P. 4(b)(1).

Towles's filing of a Rule 32, Ala.R.Crim.P, petition in the trial court on March 20, 2012, tolled the running of the limitation period under 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  *See Tinker v. Moore*, 255

3

F.3d 1331, 1335. n.4 (11th Cir. 2001).  At that time, the federal limitation period had run for 222 days.

With the Alabama Supreme Court's issuance of a ceritificate of judgment on May 10, 2013, the proceedings on Towles's state post-conviction petition terminated, and the limitation period for filing a § 2254 petition began to run again.  On that date, Towles had 143 (365 - 222) days remaining within which to file a timely federal habeas petition.

After the limitation period began to run again for Towles on May 10, 2013, it ran unabated before expiring 144 days later, on September 30, 2013.[3]  Towles did not file his federal petition until April 1, 2014 – over 180 days after the limitation period expired for purposes of § 2244(d)(1)(A).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Towles.  There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified

---

[3] The court adds an additional day for the running of the limitation period in this case, because September 29, 2013, was a Sunday.

4

in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Fla.*, 560 U.S. 631 (2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Towles fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period.  Consequently, Towles is not entitled to equitable tolling.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on September 30, 2013.  Because Towles did not file his § 2254 petition until April 1, 2014, his petition is time-barred and this court may not address the merits.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 13, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive,

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE