IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER TOWLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 3:14-CV-235-WKW |
| | ) |
| LEEPOSEY DANILES, Warden, | ) |
| and LUTHER STRANGE, the | ) |
| Attorney General of the State of | ) |
| Alabama, | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

Before the court are the Recommendation of the Magistrate Judge (Doc. # 12) and Petitioner Alexander Towles's Objections (Doc. # 13). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), and finds that the objections are due to be overruled.

Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his Recommendation, the Magistrate Judge concluded that the one-year statute of limitations barred Petitioner's claims and that Petitioner had not demonstrated "'extraordinary circumstances'" that were "'both beyond his control and unavoidable with diligence.'" (Doc. # 12, at 5 (quoting *Sandvik v. United*

*States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).)  Accordingly, the Magistrate Judge has recommended dismissal of this action with prejudice.  Petitioner's objections are twofold.

First, Petitioner "still contends that his habeas petition is not time-barred." (Doc. # 13.)  This objection lacks any reasoning, however, and fails to demonstrate any error in the Magistrate Judge's well-reasoned analysis.  Accordingly, it is due to be overruled.

Second, Petitioner argues alternatively that, if his action is untimely, the court must excuse the untimeliness to prevent a miscarriage of justice because he is "actually innocent of any prior felonies" that qualified him for a sentence as an habitual offender.  (Doc. # 13, at 1.)  His argument, as elaborated upon in his earlier filing, is that the State of Alabama did not "properly invoke[ ]" Alabama's Habitual Felony Offender Act, § 13A-5-9, or obtain the certifications required to prove the prior convictions, *see* Ala. Code § 13A-5-10.1.  (Doc. # 11, at 2.)  He contends, therefore, that he received an unlawful sentence and that his petition sets forth a "jurisdictional issue[ ]" that is not barred by the statute of limitations.  (Doc. # 13, at 1.)

Last year, the Supreme Court held that a federal habeas petitioner, who is filing his first petition, can overcome the one-year statute of limitations in

2

§ 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013). The passage through the "actual-innocence gateway" is narrow, however, as the petitioner must demonstrate "new evidence" that shows that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* (quoting *Schlup*, 513 U.S. at 329). Additionally, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623–24 (1998). Moreover, in *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011), the Eleventh Circuit observed that it had not yet decided whether the actual-innocence exception "extend[s] to the noncapital sentencing context." *Id.* at 1199. The court held, however, that "[e]ven assuming that this exception does extend beyond the capital sentencing context," the exception does not "extend . . . to claims of legal innocence of a predicate offense justifying an enhanced sentence." *Id.*

Applying the foregoing principles, the court finds that Petitioner presents no new evidence that satisfies *Schlup*'s rigorous standard. *See* 513 U.S. at 329. Rather, he makes a purely legal argument that focuses on the prosecution's procedural failings under Alabama's habitual felony offender statute. He does not contend that he did not actually commit the prior felony offenses. "In other words,

3

he makes no claim of factual innocence of the predicate offense[s]." *McKay*, 657 F.3d at 1199. On this record, the actual-innocence exception cannot save his claims from the statute-of-limitations bar.

Accordingly, it is ORDERED that Petitioner's objections (Doc. # 13) are OVERRULED, that the Recommendation of the Magistrate Judge (Doc. # 12) is ADOPTED, and that this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d).

A final judgment will be entered separately.

DONE this 1st day of December, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE